**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TERENCE PINCKNEY,

Plaintiff,

v.

WEST DEPTFORD TOWNSHIP, ET AL.,

Defendants.

Case No. 1:26-cv-6279-KMW-EAP

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court pursuant to the application ("Application") of pro se Plaintiff Terence Pinckney ("Plaintiff") to proceed *in forma pauperis* ("IFP") (ECF No. 1-1); and Plaintiff having brought this action against defendants West Deptford Township, Chief Michael Franks, Seargeant Mark White, Patrolman Kerr, and Officer Ryan Mackage ("Defendants"), on May 29, 2026, and the Court finding;

1. Pursuant to 28 U.S.C. § 1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees. Specifically, he asserts that he has no income or expenses and that he does not have a spouse to contribute income or share in expenses, and that he is homeless.

3. The Court shall accordingly screen the action to determine whether Plaintiff's Complaint (ECF No. 1) is (a) frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State*

*Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court notes that while pleadings filed by pro se plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## Analysis

### A. Statute of Limitations

5. Plaintiff asserts four claims under 42 U.S.C. § 1983: (1) malicious prosecution; (2) unreasonable search; (3) deliberate indifference to safety; (4) supervisory and municipal liability ("*Monell* claim[1]"). These claims stem from an alleged unlawful detention and search on January 29, 2022. (Compl. ¶¶ 10-27.) The related criminal charges were dismissed on February 10, 2025 (*id.* ¶ 29), and Plaintiff filed this lawsuit on May 29, 2026. Because the underlying events occurred in 2022, the Court will address the timeliness of Plaintiff's claims.

6. Although the Court cannot typically sua sponte dismiss a case on statute of limitations grounds, it may do so "when a statute-of-limitations defense is apparent from the face of the complaint . . . pursuant to 28 U.S.C. § 1915." *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). The Third Circuit has recognized that a district court's statutory screening authority under section 1915 "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rale that a statute of limitations defense should not be raised and considered sua sponte" *Smith v. Del. Cnty. Ct.*, 260 F. App'x 454, 455 (3d Cir. 2008) (per curiam) (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006)).

7. Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal-injury torts. *Ngyuen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). New Jersey, where Plaintiff's claims arose, "mandates a two-year statute of limitations period for personal-injury torts." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). While state law governs the limitations period, federal law governs the issue of when a Section 1983 claim accrues. *See Dique*, 603 F.3d at 185. "Under federal law, a cause or action accrues 'when the Plaintiff knew or should have known of the injury upon which its action is based.'" *Kach,* 589 F.3d at 634 (quoting *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)).

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

8. For malicious prosecution claims, the claim accrues when the prosecution comes to "a favorable termination." *Thompson v. Clark*, 596 U.S. 36, 44 (2022). That occurs when the prosecution is "terminated, disposed of, or, as the books usually say, at an end." *Id.* at 45 (quoting *Clark v. Cleveland*, 6 Hill 344, 346 (1844)).

9. Here, on the face of the Complaint, the statute of limitations does not bar Plaintiff's claim for malicious prosecution, as the two-year limitations period only began to accrue once charges were terminated on February 10, 2025. *See Thompson*, 596 U.S. at 44. Therefore, the Court will not dismiss Count I on timeliness grounds.

10. In Count II, Plaintiff raises a claim for unlawful search against Officer Mackage and Patrolman Kerr. A Section 1983 claim based on an unlawful search and seizure accrues at the time of the search and seizure itself. *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). Such a claim accrues immediately and leaves no room for tolling, because the violation is complete when the search and seizure occurs, and the plaintiff knows at that moment of the injury on which the claim is based. *See id.*

11. Plaintiff's claim is untimely on the face of the complaint, as the search occurred in January 2022, over four years before Plaintiff filed suit. *Cf. Cortes v. City of Bayonne*, Civ. No. 25-16260, 2026 LX 469632, at *6 (D.N.J. Aug. 18, 2026) (dismissing unlawful search and seizure claim as untimely on sua sponte screening because the search and seizure occurred six years before the plaintiff filed suit). Therefore, Count II will be dismissed *with prejudice*.

12. Plaintiff's claim for deliberate indifference to health and safety (Count III) is premised on Officer Mackage's alleged refusal to wear a mask during transport to the police station. (Compl. ¶¶ 22-27; 44-45.) Because Plaintiff does not allege any later-occurring injury beyond this purported exposure, the claim accrued when the challenged conduct occurred. Accordingly, like his unlawful search claim, Plaintiff's deliberate indifference

claim is untimely on the face of the complaint. Therefore, Count II will be dismissed *with prejudice.*[2,3]

**B. Pleading Sufficiency**

13. To prevail on a Fourth Amendment malicious prosecution claim, a plaintiff must establish that (1) the defendant initiated a criminal proceeding: (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).

14. At the screening stage, the court is satisfied that Plaintiff has adequately alleged elements two through four; however, elements one and five warrant additional discussion.

15. Generally, prosecutors, not police officers, are responsible for initiating criminal proceedings. *See Henderson v. City of Phila.*, 853 F. Supp. 2d 514, 518-19 (E.D. Pa. 2012). However, in New Jersey, certain charges may be initiated by police. For low level offenses, law enforcement officers may issue a "CDR-1" complaint-summons to the defendant without any judicial input. *See Simmons v. Mercado*, 252 A.3d 995, 999 (N.J. 2021) (citing New Jersey Rule of Court 3:3-1(b)(2)).

16. Here, Plaintiff has alleged that he was "falsely charged" with two offenses, "Jaywalking/Improper Walking" and "Obstructing/Hindering Administration of Law" and that those charges were heard in municipal court. (Compl. ¶¶ 28-29.) Plaintiff has provided dismissal and expungement records from those charges, (ECF No. 1-2 at 2-7) and they include a docket number that begins with the prefix "S," and a ticket number, which could indicate that these charges were initiated via complaint and summons by police officers rather than by a judge. *See Cresci v. Gyess*, 2018 WL 4961466, at *1 n.3 (D.N.J. Oct. 15,

---

[2] Even if it were not untimely, Plaintiff's allegations would fail to state a claim for relief because the risk of harm was not sufficiently serious constitute a civil rights violation. In *Helling v. McKinney*, the Supreme Court held that deliberate indifference to a serious future health risk can constitute cruel and unusual punishment absent a present physical injury. 509 U.S. 25, 33-35 (1993); *Accord Moore v. Durand*, No. 22-2915, 2023 WL 4884855, at *2 n.2 (3d Cir. Aug. 1, 2023) (noting that *Helling* applies to analogous Fourteenth Amendment claims for pretrial detainees). However, *Helling* explained that the risk of harm from the exposure had to be sufficiently serious and one that society would not regard such exposure as acceptable, and the conditions presenting the risk must be sure or very likely to cause serious illness and needless suffering,' and give rise to sufficient imminent dangers. 509 U.S. at 33-35. *Cf. Williams v. Sorber*, 24-2046, 2025 WL 1419716, at *2 (3d Cir. May 16, 2025) (affirming dismissal where inmate's claim that he was housed with someone who had recently tested positive for COVID, but had not alleged that he contracted it was not a sufficiently serious risk).

[3] Because the Court finds the malicious prosecution claim timely, it need not address the timeliness of any derivative *Monell* claim. *See Bullock v. Borough of Roselle*, Civ. No. 17-13208, 2018 WL 4179481, at *8 (D.N.J. Aug. 31, 2018) (*Monell* claims are subject to the same statute of limitations as the underlying Section 1983 tort).

2018) (prefix "S" in docket number may imply a complaint initiated by summons). However, it is unclear from the Complaint whether this was the procedure here or even whether it was Officer Mackage and Seargent White who issued the summons.

Additionally, Plaintiff has failed to allege that he suffered a seizure as a consequence of a legal proceeding. In *Gallo v. City of Phila.*, the Third Circuit reaffirmed that the seizure in question must occur because of the charges. 164 F.3d 217, 222 (3d Cir. 1998). Although courts have adopted a broad definition of what constitutes a seizure, the Circuit concluded that the plaintiff's situation in *Gallo* presented a "close question." *Id.* There, the plaintiff was arrested and posted a bond which included prohibitions from traveling outside Pennsylvania and New Jersey, required weekly contact with pretrial services, and attending all court hearings for his trial. *Id.* In *DiBella v. Borough of Beachwood*, the court declined to find a seizure where the plaintiff was only issued a summons, never posted bail, was free to travel, and did not have to report to pretrial services. 407 F.3d 599, 603 (3d Cir. 2005). Here, Plaintiff has not described any restraint of his liberty post-initiation, so the Court cannot discern whether Plaintiff's situation is more akin to *Gallo* or to *DiBella*.

Because Plaintiff has not pled sufficient facts to plausibly allege the first and fifth elements of his malicious prosecution claim, the Court will dismiss Count I. However, the dismissal of this claim will be *without prejudice* because Plaintiff may be able to cure the identified deficiencies.

17. The Court has dismissed Counts II and III *with prejudice*, and Count I *without prejudice*. Because the Court has dismissed Plaintiff's underlying claims, it must also dismiss his *Monell* claim (Count IV). *See Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim" based on *Monell*."). The Court will dismiss Count IV *without prejudice* because if Plaintiff pleads a viable claim for malicious prosecution, he may be able to plead a derivative *Monell* claim.[4]

On this **4th day of November,** having considered the Application to proceed without prepayment of fees under 28 U.S.C. § 1915 (ECF No. 1-1),

**IT IS ORDERED** the Application is **GRANTED.**

1. The Clerk is directed to file the Complaint (ECF No. 1).
2. The Court hereby **DISMISSES** the Complaint **WITH PREJUDICE** as to Plaintiff's claims for unlawful search and deliberate indifference to health and

[4] The Court cautions Plaintiff that his *Monell* claim was likewise vulnerable to dismissal on pleading sufficiency grounds.

safety (Counts II and III), and **WITHOUT PREJUDICE** as to Plaintiff's claims for malicious prosecution and municipal liability (Counts I and IV).

3. Plaintiff is granted leave to file an amended complaint, on or before 45 days.

KAREN M. WILLIAMS
United States District Judge